**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:14-CV-21819 ALTONAGA/O'SULLIVAN

SAMUEL A. PERSAUD,

        Plaintiff,

vs.

BANK OF AMERICA, N.A., U.S. BANK,
N.A., as Trustee for the Holders of GSR
Mortgage Loan Trust 2005-AR3, Mortgage
Pass-Though Certificates, Series 2005-AR3,
COUNTRYWIDE HOME LOANS, INC.,
NATIONSTAR MORTGAGE, LLC, and
LEXINGTON INSURANCE COMPANY,

        Defendants.

_____/

**BANK OF AMERICA, N.A.'S OPPOSITION TO PLAINTIFF'S**
**REVISED MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Defendant Bank of America, N.A. ("Bank of America"), through undersigned counsel,

submits this Opposition to Plaintiff's Revised Motion for Leave to File Fourth Amended

Complaint (D.E. 85) ("Revised Motion").

**I.**      **Background**

1.      On April 13, 2012, Plaintiff filed the original Complaint in state court.

2.      On November 13, 2013, Plaintiff filed an Amended Complaint.

3.      On April 9, 2014, Plaintiff filed a Second Amended Complaint, adding new

defendants.

1:14-CV-21819

4.      On May 16, 2014, Defendant Lexington Insurance Company filed a Notice of Removal.  D.E. 1.

5.      On September 4, 2014, Plaintiff filed a Third Amended Complaint.  D.E. 42.

6.      On September 22, 2014, the Court entered an Administrative Order closing the case in light of Plaintiff's class member status in Bank of America Wind Settlement.  D.E. 48.

7.      On August 11, 2015, Plaintiff filed a Motion to Lift Stay (D.E. 49) and the Court entered an order reopening the case, and re-setting the trial for the two-week trial calendar beginning on May 2, 2016 (D.E. 50).

8.      On October 6, 2015, Plaintiff filed the Motion for Leave to File Fourth Amended Complaint.  D.E. 74.

9.      On October 15, 2015, the Court denied without prejudice Plaintiff's Motion for Leave to File Fourth Amended Complaint.  D.E. 82.

10.     On October 23, 2015, Plaintiff filed the Revised Motion.  D.E. 85.

11.     Plaintiff's proposed Fourth Amended Complaint, which would be his 6th attempt to devise a claim for relief, appears to be the same as the Third Amended Complaint, but for:

- Proposed ¶ 29, which adds allegations of an improper interest rate

- Proposed ¶¶ 63 (Count I – breach of contract), 72 (Count II – breach of implied covenant of good faith and fair dealing), 83 (Count III – unjust enrichment), and 105 (Count V – breach of contract) all of which add vague, new claims for special damages

- Proposed Counts III (unjust enrichment) and V (breach of contract) seek attorney's fees and costs

- Proposed ¶ 90 (Count IV – breach of fiduciary duty) seeks punitive damages

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

1:14-CV-21819

## II.   Argument

### (A)   <u>Legal Standard</u>

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A court can consider several factors in exercising its discretion to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment . . . ." *Domke v. McNeil-P.P.C., Inc.*, 939 F. Supp. 849 (M.D. Fla. 1996), *citing Marcus v. Carrasquillo*, 782 F. Supp. 593 (M.D. Fla. 1992) *quoting Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

### (B)   <u>Punitive Damages Should Not Be Allowed in Count IV, Breach of Fiduciary Duty</u>

Plaintiff seeks leave to add a claim for punitive damages in Count IV, breach of fiduciary duty. Specifically, Plaintiff alleges that Bank of America's unilateral establishment of an escrow account to pay insurance premiums to protect its collateral, upon Plaintiff's failure to maintain insurance as contractually obligated, created a fiduciary relationship. D.E. 85-1 ¶¶ 84-90.

As a matter of law, it is futile for Plaintiff to be granted leave to seek punitive damages in his claim for breach of fiduciary duty because no such measure of damages is permissible under Florida law. A fiduciary duty does not arise by the mere establishment of an escrow account. Judge Bloom recently addressed the issue in *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202 (S.D. Fla., Jan. 6, 2015). *Wilson*, like the instant matter, involved claims of "an exclusive and collusive relationship to manipulate the force-place insurance market and artificially inflate the amounts charged to mortgage borrowers for force-placed insurance premiums." *Id.* at 1212. With respect to the claim for breach of fiduciary duty, the Court held that "[s]pecial circumstances may give rise to a fiduciary duty, 'includ[ing] where the lender (1) takes on extra

services for a customer, (2) receives any greater economic benefit than from a typical transaction, or (3) exercises extensive control.'"  *Id.* at 1223 (citations omitted).  The Court dismissed plaintiffs' claim for breach of fiduciary duty, and rejected the argument that administration of escrow funds to pay lender-placed insurance creates a fiduciary duty:

> Plaintiffs do not identify any conduct by EverBank with regard to establishing and managing escrow accounts for Plaintiffs in connection with their mortgages or their force-placed insurance out of the ordinary in or atypical of a lender borrower relationship which would establish the "special circumstances" of trust and confidence required for a fiduciary duty to exist.  To the contrary:  Plaintiffs do not allege that EverBank's establishment or maintenance of escrow accounts for Plaintiffs was itself improper or unusual in the context of servicing a home mortgage.  Furthermore, Plaintiffs allege that EverBank placed the insurance to protect its own collateral and its own interests in Plaintiffs' mortgages, and that EverBank informed Plaintiffs that the force-placed insurance was for EverBank's, and not Plaintiffs', benefit.  In *Feaz*, the Eleventh Circuit specifically held that *a lender's administration of escrow funds to pay for force-placed insurance does not create a fiduciary relationship*.  *Feaz*, 745 F.3d at 1110-11.  The Seventh Circuit in *Cohen* also rejected the contention that a lender could act with divided loyalties when force-placing insurance explicitly to protect its own interests. *Cohen*, 735 F.3d at 611, 612 n.4.  New York courts have similarly held that "*[a] fiduciary relationship does not arise 'simply because the mortgagee makes payments from an escrow account on behalf of the mortgagor*.'"  *See Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 556 (S.D.N.Y. 2014); *Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 295 (N.D.N.Y. 2008).  Accordingly, Plaintiffs' claim for breach of fiduciary duty is dismissed. *See Circeo-Loudon v. Green Tree Servicing, LLC*, 2014 U.S. Dist. LEXIS 117871, 2014 WL 4219587, at *2 (S.D. Fla. Aug. 25, 2014) (relying on *Feaz* and *Cohen* to dismiss breach of fiduciary duty claim where lender used escrow funds to charge borrower for force-placed insurance).

*Id.* at 1224 (emphasis added).

Here, Plaintiff's request for leave to add a claim for punitive damages in proposed Count IV should not be granted.

### (C)   Attorney's Fees Should Not Be Allowed for Plaintiff's Counts III (Unjust Enrichment) or V (Breach of Contract)

In Counts III (unjust enrichment) and V (breach of contract), Plaintiff seeks leave to add a claim for recovery of attorney's fees and costs.

1:14-CV-21819

It is futile for Plaintiff to be granted leave to seek attorney's fees and costs under his claims for unjust enrichment and breach of contract.  Under Florida law, "a party is not entitled to recover attorney's fees unless there is a statute that permits it, or unless there is a contract which permits it."  *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320 (Fla. M.D. 2000) (striking the claim for attorney's fees under the count for unjust enrichment for failure to plead entitlement under a contract or statute) (citations omitted).

Here, Plaintiff has not pled a specific contractual provision, or a statutory violation, that would permit the recovery of attorney's fees.  There is no contract or statute under which Plaintiff can seek recovery of attorney's fees for a claim of unjust enrichment in Count III.  With respect to Count V, although it is a breach of contract claim, Plaintiff fails to identify any provision of any contract which would allow him to recover attorney fees in the event that he prevails in this matter.

Plaintiff's request for leave to add a claim for attorney's fees under Counts III (unjust enrichment) and Count V (breach of mortgage) should be denied.

**(D)   Plaintiff's Proposed Special Damages in Counts I, II, III and V Are Speculative and Unsupported By Any Factual Allegation**

Plaintiff seeks leave to amend Counts I and V (both for breach of contract), Count II (breach of implied covenant) and Count III (unjust enrichment) to add vague yet identical enumeration of special damages, including unreimbursed premiums, late charges, fees, interest, and damage to his credit.  D.E. 85-1 ¶¶ 63, 72, 83 and 105.

 "Special damages are actual, out of pocket losses which must be proved by specific evidence as to the time, cause and amount . . . [t]he chief characteristic of special damages is a realized or liquidated loss."  *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004).  Special damages "do not follow by implication of law merely upon proof

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130  (305) 379-0400

of the breach" of contract. *Stein v. Paradigm Mirsol, LLC*, 551 F. Supp. 2d 1323, 1331 (M.D. Fla. 2008). Special damages must be pled and must have been the "'foreseeable and normal consequences of the alleged wrongful conduct, and the conduct must be a substantial factor in bringing about the losses.'" *Falic*, 347 F. Supp. 2d at 1269 (citation omitted). *See also T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1531 n.11 (11th Cir. 1985) (citing cases for the general rule in Florida that to be recoverable, damages for breach of contract must arise naturally from the breach, or have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 485 F. Supp. 2d 1302, 1306-08 (M.D. Fla. 2006) (same).

Federal Rule 9(g) "requires a party claiming special damages to specifically state that in the pleading." *Democratic Republic of the Congo v. Air Capital Group*, 2013 U.S. Dist. LEXIS 74136, *6 (S.D. Fla., May 23, 2013). The purpose of Rule 9(g) is to 'inform defending parties as to the nature of the damages claim in order to avoid surprise.' . . . '[e]vidence of special damages is inadmissible if those damages are not pled in the complaint.'" *Id.* at *7.

It is futile for the Court to allow these amended claims for damages insofar as the actual proposed Fourth Amended Complaint (D.E. 85-1) does not set forth a single allegation that Plaintiff in fact incurred any actual, out of pocket losses. Although he claims that he was charged a series of improper charges, nowhere does Plaintiff allege has any realized or liquidated loss. The proposed damages are merely speculative, and the conduct complained of was not a substantial factor in bringing about the unrealized losses.

WHEREFORE, Defendant Bank of America, N.A. respectfully requests that the Court enter an order denying Plaintiff's Renewed Motion with respect to (1) his attempt to seek punitive damages in ¶ 90 of Count IV, (2) his attempt to seek attorney's fees and costs under

**1:14-CV-21819**

Counts III and V, and (3) his attempt to add special damages in Counts I, II, III and V, which are not substantiated by any allegation that he actually incurred any actual, out of pocket losses complained of in his prayers for relief.

Respectfully submitted,

/s/ Catherine A. Lapides
Ariel Acevedo
Florida Bar No. 946001
Email: aa@lgplaw.com
Catherine A. Lapides
Florida Bar No. 23765
Email: cal@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
*Counsel for and Bank of America, N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of October, 2015, electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Catherine A. Lapides
CATHERINE A. LAPIDES

1:14-CV-21819

## SERVICE LIST

*Persaud v. Bank of America, N.A., U.S. Bank, N.A., Country Home Loans, Inc.,*
*Nationstar Mortgage, LLC, and Lexington Insurance Company,*
Case No. 1:14-cv-21819-CMA

Manuel Mari, Esq.
10631 N. Kendall Drive
Suite 205
Miami, Florida 33176
Email: manuel@manueljmaripa.com
*Attorneys for Plaintiff*

Samuel A. Persaud, Esq.
Robert E. Stone, Esq.
Persaud Law Group
9100 S. Dadeland Blvd
Suite 400
Miami, FL 33156
Email: sp@persaudlaw.net
res@persaudlaw.net
*Attorneys for Plaintiff*

John A. Jabro, Esq.
Law Firm of John A. Jabro, Esq.
90311 Overseas Highway
Suite B
Tavernier, FL 33070
Email: jjabro@aol.com
*Attorney for Plaintiff*

Brendan I. Herbert, Esq.
Jeffrey A. Trinz, Esq.
William P. Heller, Esq.
Akerman LLP
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Email: jeffrey.trinz@akerman.com
brendan.herbert@akerman.com
william.heller@akerman.com

and

William P. Heller, Esq.
Akerman LLP
Las Olas Centre II
350 East Las Olas Blvd, Suite 1600
Fort Lauderdale, FL 33301
Email: william.heller@akerman.com
lorraine.corsaro@akerman.com
*Attorneys for Nationstar Mortgage, LLC and*
*U.S. Bank National Association*

 Farrokh Jhabvala, Esq.
Daniel G. Enriquez
Carlton Fields Jorden Burt, P.A.
100 S.E. Second Street
Suite 4200
Miami, FL 33131
Email: fhabvala@cfjblaw.com
denriquez@cfjblaw.com
*Attorneys for Lexington Insurance Co.*

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400